# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RODNEY ARCENEAUX, #79182-079**                                    **PETITIONER**

**VS.**                                        **CIVIL ACTION NO. 5:09-CV-86-DCB-MTP**

**BRUCE PEARSON, Warden**                                           **RESPONDENT**

## ORDER

THIS MATTER is before the court upon Petitioner's Motion for Temporary Restraining Order [11]. Having considered the submissions of the parties, the entire record in this matter and applicable law, the court finds that the motion is not well-taken and should be denied.

In his motion, Petitioner requests that the court order the BOP not to transfer him to another district until the instant lawsuit is over. Petitioner argues that a transfer "will enable the Administration...to escape liability" and will prejudice Petitioner "because he would have to file all over again in a new district." *See* Motion [11] at 2.

Petitioner has failed to establish any basis to justify the relief sought in his motion. First, pursuant to statute, the Bureau of Prisons (BOP) is vested with the sole discretion to designate an inmate's place of confinement, after considering a number of factors. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prison shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility...whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable....").

Moreover, Petitioner has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, 2006 WL 3825236, at * 4 (N.D. Miss.

Dec. 27, 2006); *Ready v. Fleming*, 2002 WL 1610584, at * 3 (N.D. Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007). Indeed, it is well-settled that prison officials are given wide latitude in the daily operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *see also U.S. ex rel. Gereau v. Henderson*, 526 F.2d 889, 894 (5th Cir. 1976) ("Courts have traditionally been extremely hesitant to place restraints on prison authorities in matters of internal prison administration.") (citations omitted).

Finally, Petitioner's concerns about the effects of his hypothetical transfer to another BOP facility on this lawsuit are unfounded. Petitioner has failed to provide this court with any authority to support his argument that if he is transferred from FCC Yazoo City in the future, he would have to re-file the instant lawsuit or that the BOP would somehow "escape liability." Nor, for that matter, is there any basis to conclude that he is going to be transferred any time soon.[1] Accordingly,

IT IS ORDERED that Petitioner's Motion for a Temporary Restraining Order [11] is denied.

SO ORDERED on this 21st day of August, 2009.

                                                      s/ Michael T. Parker
                                                      United States Magistrate Judge

---

[1] Indeed, according to Respondent, Petitioner is not currently scheduled to be transferred. *See* Response [12] to Motion at 2.