```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

RODNEY ARCENAUX, NO. 79182-079
                                                    PETITIONER

VERSUS                        CIVIL ACTION NO. 5:09-cv-00086-DCB-MTP

FEDERAL BUREAU OF PRISONS and
BRUCE PEARSON, Warden                               RESPONDENTS

## ORDER

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of March 8th, 2010 [docket entry no. 18]. Therein, Judge Parker recommends that the *pro se* petition of Rodney Arcenaux for writ of habeas corpus under 28 U.S.C. § 2241 be denied and dismissed with prejudice. Petitioner filed objections to the Recommendation on March 23, 2010 [docket entry no. 19]. Having reviewed the Report and Recommendation, the Petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner, currently in custody at the Federal Correctional Complex in Yazoo City, Mississippi, filed a claim under 28 U.S.C. § 2241 alleging that he was denied due process with respect to a prison disciplinary hearing in which he was found guilty of refusing to obey an order by a staff member and assault. Judge Parker found that Petitioner received due process because he received: (1) at least 24 hours advance written notice of the

charges; (2) and opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed; and (4) a written statement of the evidence relied on and the reason for disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974).

Petitioner now objects to the Report and Recommendation, again challenging certain of the procedures applied in his disciplinary hearing. Petitioner first argues that he was not able to present documentary evidence, as he is entitled under Wolff, because he was denied a request to access a video of the incident at issue. However, as the Report and Recommendation makes clear, denying an inmate access to the videotape of a contested incident does not necessarily deprive that inmate of due process. Minafree v. Dretke, 2004 WL 2937220, *6 (N.D. Tex. Dec. 20, 2004); Neal v. Casterline, 129 Fed. Appx. 113, 115 (5th Cir. 2005).

Petitioner further objects that the Report and Recommendation erred in holding that he had not timely requested access to the videotape prior to the hearing. Because the Report and Recommendation went on to address the merits of Petitioner's due process claim that he was denied access to the videotape, this objection is of no consequence. Lastly, Petitioner objects that he was not informed of his rights to the assistance of a

2

staff representative at his disciplinary hearing.  However, the record reflects that Petitioner was, in fact, informed of his right to a staff representative and that, in any event, due process requires that inmates be provided with staff representatives only when they are illiterate or the case is unusually complex.  Tewell v. Outlaw, 2008 WL 4216423, at *4 (citing Wolff, 481 U.S. at 570).  Petitioner is not illiterate nor is this case complex and thus he was not denied due process with respect to the right to a staff representative.

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the Petitioner's objections, the Court is unable to find any error with the Magistrate Judge's findings.  The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.  Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 18] is **ADOPTED.**

**IT IS FURTHER ORDERED** that the Petitioner's objections [docket entry no. 19] to the Magistrate Judge's Report and Recommendation are **OVERRULED.**

**SO ORDERED**, this the 3rd day of December 2010.

    s/ David Bramlette
    **UNITED STATES DISTRICT JUDGE**